United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

EMILIANO ONTIVEROS,
Plaintiff,

v.

CITY OF SAN JOSE,
Defendant.

Case No. 26-cv-02418-VKD

**ORDER CONDITIONALLY GRANTING LEE HOFFMAN'S MOTION TO WITHDRAW AS PLAINTIFF'S COUNSEL OF RECORD**

Re: Dkt. No. 30

## I. BACKGROUND

On March 19, 2026, plaintiff Emiliano Ontiveros filed this action against the City of San Jose ("City") pursuant to 42 U.S.C. § 1983, asserting claims for the violation of his civil rights during an encounter with San Jose police officers. *See* Dkt. No. 1. Pursuant to a stipulation with the City, on July 17, 2026, Mr. Ontiveros filed an amended complaint. *See* Dkt. Nos. 12, 20. The City answered the amended complaint on July 23, 2026. Dkt. No. 23.[1]

On August 25, 2026, Mr. Ontiveros and the City filed a stipulation to extend certain deadlines, including the initial case management conference and the deadline for responding to the City's document requests and interrogatories served on July 29, 2026. Dkt. No. 25. The stipulation indicated that the parties sought the extension because attorney Lee F. Hoffman intended to move for permission to withdraw as Mr. Ontiveros's counsel of record. *Id.* The Court granted that stipulation on August 27, 2026. Dkt. No. 29.

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73; Dkt. Nos. 8, 28.

Later that same day, Mr. Hoffman moved to be relieved as Mr. Ontiveros's counsel of record. Dkt. No. 30. The motion indicates that on August 27, 2026, Mr. Hoffman mailed to Mr. Ontiveros a copy of his motion to withdraw, at an address in San Jose, California. *See id*. at 5. On August 28, 2026, the Court issued an interim order setting an October 13, 2026, 10:00 a.m. hearing on Mr. Hoffman's motion to withdraw. Dkt. No. 31. The Court also directed Mr. Hoffman to serve Mr. Ontiveros with a copy of the August 28, 2026 interim order and to file a certificate of service with the Court. Mr. Hoffman did so on September 2, 2026. Dkt. No. 32.

The Court has received no written response to Mr. Hoffman's motion to withdraw, and the time for filing one has passed. *See* Civil L.R. 7. The Court held a hearing on Mr. Hoffman's motion to withdraw on October 13, 2026, 10:00 a.m. Mr. Hoffman appeared. Mr. Ontiveros did not. Although the City appeared at the hearing, the City stated that it did not have any objection or response regarding Mr. Hoffman's motion to withdraw. For the reasons discussed below, Mr. Hoffman's motion to withdraw as Mr. Ontiveros's counsel of record is granted, subject to the condition that papers may continue to be served on Mr. Hoffman for forwarding purposes, unless and until Mr. Ontiveros appears by other counsel or pro se.

## II. DISCUSSION

"Counsel may not withdraw from an action until relieved by order of the Court after written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case." Civil L.R. 11-5(a). Until the client obtains other representation, or agrees to appear pro se, motions to withdraw as counsel may be granted on the condition that current counsel continue to serve on the client all papers from the Court and from opposing parties. Civil L.R. 11-5(b).

"In the Northern District of California, the conduct of counsel is governed by the standards of professional conduct required of members of the State Bar of California, including the Rules of Professional Conduct of the State Bar of California." *Hill Design Group v. Wang*, No. 04-cv-00521-JF (RS), 2006 WL 3591206, at *4 (N.D. Cal. Dec. 11, 2006) (citing *Elan Transdermal Limited v. Cygnus Therapeutic Sys.*, 809 F. Supp. 1383, 1387 (N.D. Cal.1992)); *see also Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to

attorney withdrawal). Rule 1.16(a)[2] provides that a lawyer "shall withdraw from the representation of a client if," among other circumstances, "the lawyer knows[] or reasonably should know[] that the representation will result in a violation of these rules or of the State Bar Act." Cal. R. Prof. Conduct, Rule 1.16(a)(2). Rule 1.16(b) describes the circumstances in which an attorney may withdraw from representation, including where:

- "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively;"
- "the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable[] warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation"; or
- "a continuation of the representation is likely to result in a violation of these rules or the State Bar Act."

Cal. R. Prof. Conduct, Rule 1.16(b)(4), (5), (9).

Even where circumstances permit withdrawal, counsel cannot "terminate a representation until [counsel] has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client . . . ." Cal. R. Prof. Conduct, Rule 1.16(d). These steps include (1) giving the client sufficient notice to permit the client to retain other counsel; (2) at the client's request, promptly releasing the client's materials and property to the client; and (3) promptly refunding any part of a fee or expense paid in advance that the lawyer has not earned or incurred. Cal. R. Prof. Conduct, Rule 1.16(d), (e).

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts consider several factors when deciding a motion for withdrawal, including: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal might cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal

---

[2] Rule 1.16 was formerly Rule 3-700. *See* https://www.calbar.ca.gov/legal-professionals/rules/rules-of-professional-conduct.

will delay resolution of the case." *Deal v. Countrywide Home Loans*, No. 09-CV-01643-SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010).

Mr. Hoffman states that he seeks to withdraw from representation because Mr. Ontiveros "has violated the Fee Agreement he signed when he retained [Mr.] Hoffman." Dkt. No. 30 at 3. Mr. Hoffman further states that "[t]he violations of this agreement render [his] ability to represent [Mr. Ontiveros] non-existent," and that Mr. Ontiveros "needs to find an attorney who will represent him in a manner [Mr. Ontiveros] is able to abide by, and the attorney is able to abide by." *Id.* Mr. Hoffman says that his "current attorney-client relationship has broken down to the point where" he cannot represent Mr. Ontiveros in a way that he and Mr. Ontiveros can accept. *Id.* At the motion hearing, Mr. Hoffman stated that the primary issue is that he has been unable to communicate with Mr. Ontiveros for quite some time. He confirmed that he has informed Mr. Ontiveros of the specific reasons he believes Mr. Ontiveros has breached their agreement; provided Mr. Ontiveros with an opportunity to cure the breach; and advised Mr. Ontiveros that he needs to retain new counsel, unless he decides to represent himself. Mr. Hoffman further stated that Mr. Ontiveros has not indicated that he objects to Mr. Hoffman's withdrawal from representation. Mr. Hoffman also noted that Mr. Ontiveros has been re-arrested and currently is incarcerated at the Elmwood Correctional Facility.

On the record presented, Mr. Hoffman's inability to communicate with Mr. Ontiveros and the apparent breakdown of the attorney-client relationship between Mr. Hoffman and Mr. Ontiveros are valid bases on which to grant Mr. Hoffman's motion to withdraw from representation. The potential prejudice (if any) that Mr. Hoffman's withdrawal may cause to the City appears minimal. The City stipulated to the requested extension of time for responses to its discovery requests. Dkt. No. 25. Although the City had ample notice of Mr. Hoffman's motion to withdraw, the City has not filed or stated any objection or other response. Other than Mr. Hoffman's present motion to withdraw, there are no pending motions. The Court has not yet set a case schedule; the parties previously obtained an extension of deadlines; and the action is at a relatively early stage of litigation. Permitting Mr. Hoffman to withdraw from representation will not prejudice the administration of justice or unduly delay the resolution of this case.

As Mr. Ontiveros did not respond to the motion or appear at the motion hearing, it is not clear whether he intends to retain other counsel or to represent himself in this litigation. Accordingly, the Court grants Mr. Hoffman's motion for leave to withdraw as Mr. Ontiveros's counsel of record, subject to the condition that papers may continue to be served on Mr. Hoffman for purposes of forwarding them to Mr. Ontiveros. *See* Civil L.R. 11-5(b). To the extent Mr. Hoffman ascertains Mr. Ontiveros's contact information at Elmwood Correctional Facility, or becomes aware of any change in Mr. Ontiveros's contact information, Mr. Hoffman shall promptly advise the Court.

## III. CONCLUSION

Mr. Hoffman's motion to withdraw as counsel of record is conditionally granted on terms discussed above. Mr. Hoffman shall promptly serve a copy of this order on Mr. Hoffman and file a certificate of service with the Court.

Mr. Ontiveros is advised that he retains all the obligations of a litigant, and he must comply with all applicable rules, orders, and deadlines. If Mr. Ontiveros does not prosecute his case or does not comply with the Court's orders, the Court may dismiss the case under Federal Rule of Civil Procedure 41. If Mr. Ontiveros hires another attorney to represent him, that attorney must promptly file an appearance with the Court. If Mr. Ontiveros represents himself, he is encouraged to obtain a copy of this District's Pro Se Handbook, https://cand.uscourts.gov/representing-yourself/pro-se-handbook. He is also advised that the Federal Pro Se Program at the San Jose Courthouse provides free information and limited scope legal advice to self-represented litigants in federal cases. Information regarding the Program can be found at https://cand.uscourts.gov/representing-yourself/free-legal-help-people-without-lawyers. Appointments may be made by calling 408-297-1480.

The following deadlines apply in this case:

By **October 19, 2026** Mr. Hoffman shall notify Mr. Ontiveros in writing of the present deadline to respond to the City's discovery requests, and provide Mr. Ontiveros with copies of those discovery requests.

Mr. Hoffman shall also promptly provide Mr. Ontiveros with his client file, including all

pleadings, discovery, correspondence, and other documents reasonably necessary for Mr. Ontiveros to proceed with this action.

By **November 30, 2026**, Mr. Ontiveros shall serve his responses to the City's document requests and interrogatories served on July 29, 2026.

The Court re-sets the initial case management conference for **December 15, 2026, 1:30 p.m.** The parties' case management statement(s) must be filed by **December 8, 2026**. All other deadlines set in the Order Setting Initial Case Management Conference and ADR Deadlines (Dkt. No. 3) are adjusted accordingly.

**IT IS SO ORDERED.**

Dated: October 13, 2026

Virginia K. DeMarchi
Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California